Case 58.

June 9.

Declaration.

Issue on the demand.

Evidence.

## Gibbs & Hardin vs. Stone.

Error to the Washington circuit: WM. L. KELLY, Judge.

*Covenants for Land. Demand. Conveyances. Acquittances.*

Chief Justice BIBB delivered the opinion of the court.

GIBBS and Hardin declared against Stone, upon a covenant to convey Stone's moiety of a certain tract of two thousand acres of land, patented to him and William Roberts, the conveyance to be "by a special deed, to be made when called for." The declaration alleged a special request at the defendants residence, on the 13th July, 1824.

The defendant took issue upon the demand alleged.

On the trial, the plaintiff, to prove the demand, introduced a notice, addressed to Stone, and delivered by Jesse McDonald to the defendant, on the 13th of July, 1825, at his house, in these words and figures:—"We now call on you for a deed for the one half of two thousand acre survey of land in Washington county, patented to yourself and William Roberts, agreeable to a bond we hold on you for the same. July 13th, 1825.

"*Benj. Gibbs.*
"*Mark Hardin, sen.*"

The plaintiff's witness, who proved that he serv- <span style="float:right">GIBBS &c.<br>vs.<br>STONE.</span> ed the notice, also deposed that he had no authority, either from Gibbs or Hardin, to receive the deed; he had not the bond; but informed the defendant that Gibbs was in the neighborhood, about two miles off; neither of the plaintiffs were present at the delivery of the notice.

The court instructed the jury, that to make the *Instruction.* demand a good one, the person so delivering this notice, ought to have had the bond with him, and an authority to receive the deed. To this instruction the plaintiff excepted.

The jury found for the defendant.

*According to* the decisions in Bridges vs. Hard- *In a declara-* grove, Prin. Dec. 153; and Vanarsdale vs Craig, Ib. *tion on a cov-* 321, a special request, precisely alleged, was essen- *enant to con-* tial upon assigning breach of the covenant to con- *vey land on* vey land on request. So, also, in Shepherd vs. *request,* the Hubbard, 1 Bibb, 494; Worley vs Mourning, 1 Bibb, *allegation of a special re-* 254; Stafford vs. Trimble, same, 323. In this latter *quest is ma-* case, the covenant was to convey on request; the *terial, and* court decided that the time and place of request *may be tra-* ought to be certainly and precisely alleged. So, *versed by plea.* also, in Sloan vs. Griffeth, Hard. 9. These decisions concur in this, that the special request, precisely alleged, of a conveyance contracted to be made on demand, is a substantial averment, the omission of which is fatal after judgment by default, or after isssue and verdict; consequently a traversable averment. The plea traversing the special request declared upon, was therefore allowable.

But it has been argued, that this plea should have *In such plea* been accompanied by a tender of the deed in court. *a tender of a* This was not necessary; for if no cause of action *deed of con-veyance is* had accrued at the suing of the writ, the failure of *not necessa-* the defendant to tender a deed after suit instituted, *ry.* could not by resilience, give the plaintiff cause of action at the teste of his writ.

The notice given in evidence, conferred no au- *Notice in* thority in itself to the person who delivered it, to *writing, sent* demand or accept the deed, he had no authority to *by obligee,* demand or accept it; he did nothing but deliver the *and delivered in his absence*

GIBBS &c.
vs.
STONE.

to obligor, calling on him for a deed for land, obligor was bound to make on request, is not sufficient, without the bearer was authorized to receive the deed and deliver the bond, or make an acquittance.

In such case the obligor must look up the obligee, and cannot, by such notice, shift the duty off himself upon the obligee.

notice, and inform the defendant that one of the obligees was within two miles; he had not the obligation to surrender, upon delivery of the deed, and no authority to give an acquittance. The defendant, upon delivery of the deed, was entitled to have his obligation delivered to him. The conveyance required the concurrent acts of the obligor to deliver, and of the obligees, or their attorney, to approve and accept the conveyance, and surrender the covenant to convey. The evidence, therefore, in no degree conduced to prove a lawful demand; and there is no error in the instruction given.

The act to be performed by the defendant, was transitory, and might have been demanded any where. But as the covenant was to convey when called for, the duty by the obligation was imposed upon the obligee to seek the obligor, wheresoever he could be found conveniently to make the deed. The obligee could not, by the delivery of this notice, shift this duty from himself, and impose upon the obligor the duty to seek the obligee, wheresoever he was to be found, and tender the deed.

It seems to this court, that there is no error, as the plaintiff hath alledged. It is, therefore, considered by this court, that the judgment be affirmed, with costs.

*Wickliffe* and *Mayes* for the plaintiffs; *Rudd* for defendant.